UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:                                                                   Case No. 09-32272
    SHAO KE,                                                     Chapter 7
                              Debtor.
_____

    MICHAEL J. BALANOFF,                                Adv. Proc. No. 11-50111
    Chapter 7 Trustee,

                              Plaintiff,
v.

    JIANRONG WANG &
    PEI LING XU,

                              Defendants.
_____

Appearances:

BOUSQUET HOLSTEIN, PLLC                                  David C. Temes, Esq.
f/k/a Green & Seifter Attorneys, PLLC
Attorneys for Plaintiff
110 West Fayette Street, Suite 900
Syracuse, NY 13202

THE CROSSMORE LAW OFFICE                                 Edward Y. Crossmore, Esq.
Attorneys for Defendants
115 West Green Street
Ithaca, NY 14850

MARGARET CANGILOS-RUIZ, U.S. BANKRUPTCY JUDGE

## MEMORANDUM-DECISION AND ORDER GRANTING DEFENDANTS SUMMARY JUDGMENT AND ORDERING DISMISSAL OF COMPLAINT

Plaintiff Michael J. Balanoff, chapter 7 Trustee ("Plaintiff" or "Trustee") on behalf of the bankruptcy estate of Debtor Shao Ke ("Debtor") seeks recovery of monies from Defendants Jianrong Wang ("Wang") and Pei Ling Xu ("Xu," together with Wang, "Defendants"). Plaintiff

1

seeks recovery under sections 542 and 547 of the United States Bankruptcy Code[1] in the wake of an appellate decision rendered by the New York State Appellate Division, Third Department on October 21, 2010. Plaintiff moved for summary judgment and Defendants cross-moved pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7056.[2] On July 12, 2012, the court heard oral arguments on the parties' motions and found, on the record, that there is no genuine dispute as to any material fact and that Defendants are entitled to summary judgment as a matter of law. This memorandum-decision sets forth the basis for the court's decision in accordance with Fed. R. Bankr. P. 9021. The court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1), and (b)(2)(I).

## FACTS

Debtor and Defendants were shareholders in Peace Food, Inc. ("Peace Food"), which owned and operated a Chinese restaurant in Ithaca, New York. *Affidavit of Michael J. Balanoff*, sworn to on May 30, 2012, Doc. 19 (*"Balanoff Aff."*) Ex. G. In September 2005, Wang commenced an action against Debtor in New York State Supreme Court ("Trial Court"), (1) alleging Shao Ke's violation of his fiduciary duties as an officer and director of Peace Food and (2) seeking, *inter alia*, a judicial dissolution of Peace Food and a determination of the rights of its shareholders. *Balanoff Aff.* Ex. D. By order entered September 27, 2007, the Trial Court judicially dissolved Peace Food. The order directed a receiver to sell Peace Food's corporate assets and deposit the resulting proceeds:

Twenty-five percent (25%) to [Defendants] to be paid forthwith;

---

[1] Unless otherwise indicated, all statutory references are to Title 11 of the United States Code, §§ 101-1532 (2011) ("Code" or "Bankruptcy Code").

[2] Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7056.

2

> Seventy-five percent (75%) to [Debtor] to be deposited by the receiver with the Clerk of [the Trial Court] pending the further order of [the Trial Court] . . . .

*Balanoff Aff.* Ex. E. The sale of Peace Food's assets yielded proceeds of $141,259.02 ("Proceeds"). *Balanoff Aff.* Ex. F. Despite the Trial Court's directive to distribute twenty-five percent of the Proceeds to Defendants, Defendants received no funds pursuant to the September 2007 order. Stipulation on the Record of July 12, 2012 Hearing. Instead, the receiver deposited one-hundred percent of the Proceeds with the clerk of the Trial Court.[3]

On February 28, 2008, Wang filed a motion requesting an award of attorney fees pursuant to New York Business Corporation Law § 626(e). *Crossmore Aff.* Ex. F. On May 8, 2009, the Trial Court entered a second order that found Debtor liable to Peace Food for failure to account for corporate profits, and awarded Wang $70,000.00 for attorney fees. *Crossmore Aff.* Ex. G. Debtor appealed this order to the New York Supreme Court, Appellate Division for the Third Department ("Appellate Court"). *Crossmore Aff.* Ex. H. On June 2, 2009, the Trial Court entered a third order and judgment that (1) surcharged Debtor the sum of $383,089.55; (2) cancelled Debtor's shares in Peace Food; (3) found Defendants the only remaining shareholders of Peace Food[4]; and (4) directed the clerk of the Trial Court to distribute the Proceeds, less any Clerk's fees, to Defendants. The first $70,000.00 of this distribution was to be applied to pay the attorney fees. *Id.* Defendants then entered the order and Wang received the balance of the Proceeds in the amount of $139,896.24, after the Clerk's fees were deducted. No monies were paid to Xu. Stipulation on the Record of July 12, 2012 Hearing.

---

[3] The receiver deposited $140,944.69 on November 27, 2007, and $314.33 on October 10, 2008. *Balanoff Aff.* Ex. F; Affidavit of Edward Y. Crossmore, sworn to on June 15, 20112, Doc.21, ("*Crossmore Aff.*") Ex.C & D.

[4] On January 13, 2009, Xu transferred her interest in Peace Food to Wang. *Wang Decl.* ¶ 4.

3

Case 11-50111-5-mcr Doc 32 Filed 07/20/12 Entered 07/20/12 17:05:12 Desc Main
Document Page 4 of 9

On August 12, 2009, Debtor filed his chapter 7 bankruptcy petition. *Balanoff Aff.* ¶ 2. This court granted relief from stay to permit the Appellate Court to decide the appeal. Case No. 09-32272, Doc. 35. By Memorandum and Order dated October 21, 2010, the Appellate Court modified the Trial Court's May 2009 order. The Appellate Court reduced Debtor's liability to Peace Food to $258,598.09 plus interest, and credited Debtor with a one-half shareholder interest in Peace Food. *Balanoff Aff.* Ex. G. Subsequently, the Trustee brought this adversary proceeding in which the present motions for summary judgment were filed.[5]

## STANDARD FOR SUMMARY JUDGMENT

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011). As such, summary judgment is particularly appropriate when the trial court need not weigh credibility or make factual inferences, and may decide the case as a pure question of law. *Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341, 343 (9th Cir. 1978).

---

[5] In addition to the original motion and cross-motion, the Trustee filed a Reply (Doc. 27) and, with leave of court, Defendants filed a Sur-Reply (Doc. 31).

4

## DISCUSSION

*PREFERENCES AND TURNOVER OF ESTATE PROPERTY*

Bankruptcy Code Section 547(b) allows the trustee to avoid "any transfer of an interest of the debtor in property . . . ."[6] Where a debtor has no interest in property, Section 547(b) does not apply. Bankruptcy Code Section 542(a) provides that "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property." However, Code Section 363 of the Bankruptcy Code makes clear that the trustee may only use, sell, or lease property of the estate.

Property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Where a debtor has no interest in property, such property is not property of the estate and a trustee may not use, sell, or lease such property under Section 363, nor is the property subject to turnover under Section 542(a).

*DEBTOR'S INTEREST IN THE PROCEEDS*

A debtor's legal or equitable interest in property is determined under state law. *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Here, the Proceeds arose through the judicial dissolution of a New York corporation, Peace Food, as ordered by the New York State Supreme

---

[6] In pertinent part, Bankruptcy Code § 547(b) provides that the trustee may avoid any transfer of an interest of the debtor in property--
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made--
     (A) on or within 90 days before the date of the filing of the petition; or
     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if--
     (A) the case were a case under chapter 7 of this title;
     (B) the transfer had not been made; and
     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Court. As such, Debtor's interest in the Proceeds is determined under New York law. Under New York law, "a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal." *Da Silva v. Musso*, 76 N.Y.2d 436, 440 (1990).

Prior to the commencement of Debtor's case, the clerk of the Trial Court distributed the Proceeds to Wang pursuant to the Trial Court's final judgment and order which Debtor appealed.[7] Thus, pursuant to *Da Silva*, at the commencement of Debtor's case, the Proceeds rightfully belonged to Wang. The only interest Debtor's estate had in the Proceeds on the date of filing was Debtor's contingent interest, wholly dependent upon obtaining a reversal of the judgment entered against the Debtor and a judgment in its favor. *See, e.g., In re Bianchi Indus. Services, LLC*, 2012 WL 601889, *5 (Bankr. N.D.N.Y. 2012). Once the Appellate Court issued its judgment post-petition, Debtor's contingent interest was extinguished, resulting solely in a reduction in Debtor's liability to Peace Food, and a declaration that Debtor had a one-half shareholder interest in Peace Food.

Plaintiff wrongfully conflates Debtor's one-half shareholder interest in Peace Food with a one-half interest in the Proceeds. The estate is only entitled to the value of Debtor's one-half shareholder interest in Peace Food under New York law. In New York, the distribution of assets of a dissolved corporation is governed by New York Business Corporation Law § 1005. Pursuant to that section, a dissolved corporation must first pay or adequately provide for the payment of its liabilities prior to distributing its assets among its shareholders. N.Y. Bus. Corp. Law § 1005(a)(3) (McKinney 2012). Under New York Business Corporation Law § 626(e), attorney fees incurred in a derivative action brought in the right of a corporation may be awarded

---

[7] Although Debtor's appeal was filed against the May 2009 order, the appeal contested the same surcharge and determination of shares contained in the June 2009 judgment and order.

6

if the action was successful. N.Y. Bus. Corp. Law § 626(e) (McKinney 2012). The Trial Court awarded Wang attorney fees of $70,000.00 pursuant to N.Y. B.C.L. § 626(e), which Wang incurred on behalf of Peace Food. As such, they constituted a liability of Peace Food, which, under New York law, Peace Food was required to pay prior to distributing any assets to its shareholders. The Trial Court thus directed that the first $70,000.00 of the Proceeds be applied to satisfy the attorney fees. The only remaining assets subject to distribution among shareholders were the Proceeds' remainder of $69,896.24.

After payment of its liabilities, the corporation may then distribute its remaining assets to the shareholders "…according to their respective rights." N.Y. Bus. Corp. Law § 1005 (a)(3)(A) (McKinney 2012). Under New York law, upon the dissolution of a corporation, the interests of the shareholders are "reduced to mere equitable rights to their several distributive shares of the funds of the corporation, upon principles of justice and equity among all the stockholders, after paying all debts and expenses." *James v. Woodruff*, 10 Paige Ch. 541, 546 (N.Y. Ch. 1844), *aff'd*, 2 Denio 574 (N.Y. Sup. Ct. 1845). Thus, where a shareholder owes a debt to a dissolved corporation, New York law provides that the shareholder's equitable right to participate in that corporation's shareholder distribution is subject to reduction by the amount of the shareholder's debt to the corporation. *Id.* Deducting that debt under the present facts yields a negative value for the Debtor's one-half shareholder interest in Peace Food.

The court is also informed by the decision of the Iowa Supreme Court in *Marcus Shipping Ass'n v. Barnes et al.*[8] In *Marcus Shipping*, a corporation was dissolved and the

---

[8] This case is referenced by the Fletcher Cyclopedia of the Law of Corporations in stating, "[t]he amount a shareholder receives may be reduced due to wrongdoing. The claim of an officer as a shareholder may be reduced to the extent of corporate funds that the officer, as treasurer, failed to account for." 16A Fletcher Cyc. Corp. § 8224 (Current through April 2012). The Fletcher Cyclopedia, in turn, is referenced by McKinney's Consolidated Laws of New York under the "Research References" for N.Y. Bus. Corp. Law § 1005.

7

corporation's treasurer and shareholder, Barnes, was later found liable to the corporation for defalcation. Barnes was simultaneously "adjudged an involuntary bankrupt" under the Bankruptcy Act of 1898. *Marcus Shipping Ass'n v. Barnes et al.*, 151 N.W. 525 (Iowa 1915). In determining the trustee's right to the corporate assets representing Barnes' shareholder distribution, the Iowa Supreme Court reasoned that at the time Barnes entered bankruptcy:

> the sole right in Barnes as stockholder was the equitable right to receive his proportionate part of the assets of the corporation on final distribution, less any proper charge or set-off against it. It was this right which the trustee acquired, and no injustice is done him or the creditors he represents by denying him more.

*Id.* at 527. The Iowa Supreme Court accordingly held that Barnes' interest in the shareholder distribution was subject to reduction by the amount Barnes owed the corporation for his defalcation. Notwithstanding that *Marcus Shipping* was decided under the prior Bankruptcy Act, the court finds that its reasoning is applicable to the facts before the court.

Like the facts in *Marcus Shipping*, Debtor was found liable to Peace Food for defalcation and owes a judgment, as modified on appeal, of $258,598.09 plus interest. Debtor then filed for bankruptcy. Similar to the facts in *Woodruff*, Debtor was determined to be a one-half shareholder of Peace Food after Peace Food's dissolution. Under New York law, Debtor's share of Peace Food is an equitable right. Because this equitable right has a negative value, it does not entitle him to any distribution of the Proceeds. It is this right which Debtor's bankruptcy estate acquired, and no injustice is done the estate or its creditors by denying the estate more. Because Debtor has no interest in the Proceeds, Section 547(b) does not apply to avoid any transfer of the Proceeds,[9] and the Proceeds are not subject to turnover under Section 542(a). Accordingly, the

---

[9] As to the elements of a Preference, Plaintiff alleges that the relevant transfer date here is the date the funds were distributed to Wang. However, it is well established that the relevant transfer date for preference purposes as to funds held *in custodia legis* is the date of their deposit with the court. *See, e.g., Pan Am. World Airways, Inc. v. Care Travel Co., Ltd. (In re Pan Am)*, 166 B.R. 538 (Bankr. S.D.N.Y. 1993) (reaffirming the

8

court finds that Defendants are entitled to summary judgment as a matter of law and a separate judgment shall be entered dismissing the complaint.

So Ordered.

Dated: July 20, 2012
Syracuse, New York

_____
Margaret Cangilos-Ruiz
United States Bankruptcy Judge

---

holding in *Saper v. West*, 263 F.2d 422, (2d Cir. 1959)). Here, the Proceeds were deposited *in custodia legis* on November 27, 2007 and October 10, 2008, well outside the asserted 90 day preference period.